# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# COVINGTON DIVISION

| | |
|---|---|
| **JACK L. NAGEL JR** : <br> 7047 Roundelay Road South : <br> Reynoldsburg, Ohio 43068 : <br> : <br>                       Plaintiff : <br> : <br> vs : <br> : <br> **OTIS ELEVATOR COMPANY** : <br> Serve: CT Corporation System : <br> 306 West. Main Street : <br> Suite 512 : <br> Frankfort, Kentucky 40601 : <br> : <br> And : <br> : <br> **MARK S. BEER** : <br> 319 South Clay Ridge Rd : <br> Alexandria, Kentucky 41001 : <br> : <br>                       Defendants | CASE NO: <br><br> JUDGE: |

## COMPLAINT AND JURY DEMAND

FOR HIS COMPLAINT, Plaintiff Jack L. Nagel, Jr. states:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Jack L. Nagel, Jr., presently resides at 7047 Roundelay Rd S., Reynoldsburg, Franklin County, Ohio.

2. On or about on October 12, 2018, Defendant Mark. S. Beers, was a resident of the Commonwealth of Kentucky, residing at 319 South Clay Ridge, Alexandria, Campbell County, Kentucky.

1

3.     On or about October 12, 2018, Defendant Otis Elevator Company, was a foreign corporation, existing under the laws of the Commonwealth of Kentucky, with its principal place of business at One Carrier Place, Farmington, Hartford County, Connecticut.

4.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(1) as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the issues of law and fact are wholly between citizens of different states.

5.     Venue is proper in the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1391(b)(1) because it is the judicial district in which Defendant Mark S. Beer resides and 28 U.S.C. § 1391(b)(2) because the subject incident occurred within this judicial district, on US 27 in the City of Cold Spring, Campbell County, Kentucky.

**FIRST CAUSE OF ACTION**

6.     Plaintiff Jack L. Nagel, Jr., hereby re-alleges the allegations contained in paragraphs 1 through 7 as if fully re-written herein.

7.     On or about October 12, 2018, Plaintiff Jack L. Nagel, Jr., was a bicyclist operating southbound on the right shoulder of US27 near St. Luke Lutheran Church in the City of Cold Spring, Campbell County, Kentucky.

8.      On or about on October 12, 2018, Defendant Mark. S. Beers was operating a F450 large utility truck gong southbound in the right lane near St. Luke Lutheran Church in the City of Cold Spring, Campbell County, Kentucky.

9.     On or about October 12, 2018, the F450 large utility truck being operated by Defendant Mark S. Beers collided with Plaintiff Jack L. Nagel, Jr.

10. On or about October 12, 2018, Defendant Mark S. Beer negligently, carelessly and without due regard for the safety of others operated his motor vehicle in such a manner as to strike Plaintiff Jack L. Nagel, Jr.

11. On or about on October 12, 2018, Defendant Mark. S. Beers had a duty to operate his F450 large utility truck in a safe and reasonable manner, to obey all traffic laws, and to obey all traffic devices.

12. On or about on October 12, 2018, Defendant Mark. S. Beers failed in the aforementioned duties and is therefore negligent.

13. As a direct and proximate result of Defendant Mark S. Beer's negligence, Plaintiff Jack L. Nagel, Jr., has incurred temporary and permanent injuries, which include, but are not limited to, traumatic brain injury, back injury, leg injury, abdominal injuries, and lower abdominal injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred medical expenses in excess of $150,000.00 and will continue to incur medical expenses in the future; has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future; has suffered damages for the lost enjoyment of life and has incurred property damage in an undetermined amount.

## SECOND CAUSE OF ACTION

14. Plaintiff Jack L. Nagel, Jr., hereby re-alleges the allegations contained in paragraphs 1 through 15 as if fully re-written herein.

15. On or about October 12, 2018, Defendant Mark S. Beer willfully and intentionally ingested alcoholic beverages prior to operating the F450 large utility truck and thereby operated the motor vehicle with an alcohol concentration of or above 0.08, in violation of Section 189A.010(5A) of

the Kentucky Revised Code, constituting negligence per se, and/or constituting willful and intentional tort, and/or constituting willful and malicious conduct.

16. On or about October 12, 2018, Defendant Mark S. Beer operated his motor vehicle in such a manner as to strike Plaintiff Jack L. Nagel, Jr.

17. On or about October 12, 2018, Defendant Mark S. Beer violated State Statutes and Regulations including, but not limited to, KRS §§ 189A.010; 189.080; 189.290; and 189.340.

18. On or about October 12, 2018, Defendant Mark S. Beer also violated Federal Statutes and Regulations including, but not limited to, 49 C.F.R. § 392.2.

19. Based on these statutory and regulatory violations, Defendant Mark S. Beer was negligent per se.

20. On or about October 12, 2018, Defendant Mark S. Beer's actions demonstrate a conscious disregard for the rights and safety of Plaintiff Jack L. Nagel, Jr., and the rest of the motoring public, acting with reckless indifference to the consequences to others, despite being aware of his conduct and knowing there was a great probability of causing substantial harm.

21. As a direct and proximate result of Defendant Mark S. Beer's statutory and regulatory violations, Plaintiff Jack L. Nagel, Jr., is entitled to punitive damages in addition to the compensatory damages as previously alleged.

### **THIRD CAUSE OF ACTION**

22. Plaintiff Jack L. Nagel, Jr., hereby re-alleges the allegations contained in paragraphs 1 through 22 as if fully re-written herein.

23. On or about October 12, 2018, Defendant Mark S. Beer was the employee, agent, and/or servant for Defendant Otis Elevator Company.

24. On or about October 12, 2018, Defendant Otis Elevator was responsible for any damages caused to Plaintiff Jack L. Nagel, Jr. by Defendant Mark S. Beer pursuant to the *Doctrine of Respondeat Superior* and/or as the principal to Defendant Mark S. Beer's agency.

25. Defendants Mark S. Beer and Otis Elevator are jointly and severally liable to the Plaintiff Jack L. Nagel, Jr. for all of the losses and damages herein sought, and there can be no apportionment between the Defendants.

## FOURTH CAUSE OF ACTION

26. Plaintiff Jack L. Nagel, Jr., hereby re-alleges the allegations contained in paragraphs 1 through 26 as if fully re-written herein.

27. On or about October 12, 2018, Defendant Otis Elevator Company owned or leased the F450 large utility truck being operated by Defendant Mark S. Beer, when Defendant Mark S. Beer collided with Plaintiff Jack L. Nagel, Jr.

28. On or about October 12, 2018, Defendant Mark S. Beer was a permissive driver of the F450 large utility truck owned by Defendant Otis Elevator Company

29. On or about October 12, 2018, Defendant Otis Elevator Company knew, or should have known, that Defendant Mark S. Beer was inexperienced, careless, and reckless in his operation of the F450 large utility truck.

30. On or about October 12, 2018, Defendant Otis Elevator Company owed a duty to Plaintiff Jack L. Nagel, Jr. to not entrust a motor vehicle to a person, such as Defendant Mark S. Beer, known to be inexperienced, careless, and/or reckless in the operation of motor vehicles.

31. On or about October 12, 2018, Defendant Otis Elevator Company breached that duty when it negligently entrusted the F450 large utility truck to Defendant Mark S. Beer.

32. As a direct and proximate result of Defendant Otis Elevator Company's negligent entrustment, Plaintiff Jack L. Nagel, Jr., has incurred temporary and permanent injuries, which include but are not limited to, traumatic brain injury, back injury, leg injury, abdominal injuries, and lower abdominal injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred medical expenses in excess of $150,000.00 and will continue to incur medical expenses in the future; has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future; has suffered damages for the lost enjoyment of life and has incurred property damage in an undetermined amount.

## FIFTH CAUSE OF ACTION

33. Plaintiff Jack L. Nagel, Jr., hereby re-alleges the allegations contained in paragraphs 1 through 33 as if fully re-written herein.

34. On or about October 12, 2018, Defendant Otis Elevator Company had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees/agents/servants/contractors including, but not limited to, Defendant Mark S. Beer, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and other employees/agents/servants operate its motor vehicles in reasonably safe manner not to cause injury to the public, including Plaintiff Jack L. Nagel, Jr.

35. On or about October 12, 2018, Defendant Otis Elevator Company had a duty to exercise reasonable care in entrusting its motor vehicles and equipment to responsible, competent and qualified drivers and other employees/agents/servants including, but not limited to, Defendant Mark S. Beer, to ensure operation of its motor vehicle would not cause injury to the public, including Plaintiff Jack L. Nagel, Jr.

36. On or about October 12, 2018, Defendant Otis Elevator Company failed in the aforementioned duties relating to hiring, instructing, training, supervising and retaining its drivers and other employees/agents/servants including, but not limited to, Defendant Mark S. Beer, and was therefore negligent.

37. As a direct and proximate result of Defendant Otis Elevator Company's negligent hiring, instructing, training, supervising and retaining its drivers and other employees/agents/servants including, but not limited to, Defendant Mark S. Beer, Plaintiff Jack L. Nagel, Jr has incurred temporary and permanent injuries, which include but are not limited to, traumatic brain injury, back injury, leg injury, abdominal injuries, and lower abdominal injuries; has endured great pain and suffering of both mind and body and will continue to endure such pain and suffering in the future; has incurred medical expenses in excess of $150,000.00 and will continue to incur medical expenses in the future; has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future; has suffered damages for the lost enjoyment of life and has incurred property damage in an undetermined amount.

## SIXTH CAUSE OF ACTION

38. Plaintiff Jack L. Nagel, Jr., hereby re-alleges the allegations contained in paragraphs 1 through 38 as if fully re-written herein

39. Effective June 25, 2013, KRS §281.600 authorized the Kentucky Department of Vehicle Regulation to adopt any Federal Motor Carrier Safety Regulations (FMCSR) the Department saw fit.  Pursuant to §601 KAR 1:005, the substantive provisions of the FMCSR, including 49 CFR §§ 383; 391; and 392, were adopted and made part of the law of the Commonwealth of Kentucky.  All references in this Complaint to the FMCSR include both the Federal law and the Law of the Commonwealth of Kentucky.

40.     On or about October 12, 2018, all owners and operators of commercial motor vehicles operating commercial motor vehicles within the Commonwealth of Kentucky were required to comply with the traffic regulations and laws of the Commonwealth of Kentucky and the Federal Motor Carrier Safety Regulation including, but not limited to, FMCSR §§ 383.111; 383.113; 391.11; 391.25; 392.1; 392.2 and 392.3.

41.     On or about October 12, 2018, all owners and operators of commercial motor vehicles operating commercial motor vehicles within the Commonwealth of Kentucky were required to obey general Kentucky traffic safety statutes, including KRS §§ 189A.010; 189.080; 189.290; and 189.340.

42.     These regulations were promulgated to protect the safety of a class of people that includes, but is not limited to, Plaintiff Jack L. Nagel, Jr.

43.     The violation of one, some, and/or all of the above referenced statutes and regulations is negligence *per se*.

44.     On or about October 12, 2018, Defendant Otis Elevator Company violated local, state and federal ordinances, statutes and regulations, and encouraged and permitted Defendant Mark S. Beer to violate state and federal statutes and regulations including, but not limited to: FMCSR §§ 383.111; 383.113; 391.11; 391.25; 392.1; 392.2; and 392.3, as well as, KRS §§189A.010; 189.080; 189.290; and 189.340.

45.     On or about October 12, 2018, Defendant Otis Elevator Company's actions demonstrated a conscious disregard for the rights and safety of Plaintiff Jack L. Nagel, Jr., and the rest of the motoring public, acting with reckless indifference to the consequences to others, despite being aware of its conduct and knowing there was a great probability of causing substantial harm.

46. Based on these statutory and regulatory violations, Defendant Otis Elevator Company is negligent per se.

47. As a direct and proximate result of Defendant Otis Elevator Company's statutory and regulatory violations, Plaintiff Jack L. Nagel, Jr., is entitled to punitive damages in addition to compensatory damages as previously alleged.

**WHEREFORE** Plaintiff demands for judgment against Defendants Mark S. Beer and Otis Elevator Company, jointly and severally, in an amount that is just and fair, and in excess of Seventy-Five Thousand Dollars ($75,000.00) (exclusive of costs and interest), in addition to punitive damages, costs, pre-judgement and post-judgment interest, and other relief that this Honorable Court deems just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) Plaintiff demands a trial by jury of all issues triable as of right by a jury.

> Respectfully Submitted,
> **O'CONNOR, ACCIANI & LEVY LPA**
>
> */s/ Barry D. Levy*
> Barry D. Levy (OH 0018986)
> *Attorney for the Plaintiff*
> 600 Vine Street Suite 1600
> Cincinnati, OH  45202
> Phone: 513-241-7111
> Fax: 513-241-7197
> Email: bdl@oal-law.com