UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CIVIL ACTION NO. 2:20-CV-39-DLB

JACK L. NAGEL, JR.,                                                               PLAINTIFF,

V.                  **RECOMMENDED DISPOSITION**

OTIS ELEVATOR CO., *et. al.*,                                        DEFENDANTS.

*** *** *** ***

This matter is before the Court on Otis Elevator Company's motion to dismiss the plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). [R. 12]. However, after reviewing Otis Elevator's motion to dismiss, and finding that the amended complaint is not futile (because it can survive a motion to dismiss), Nagel's amended complaint moots the defendant's challenges as they are currently asserted. But since this finding asks the Court to rule on a dispositive issue, the undersigned merely recommends that the District Court find the defendant's motion to dismiss as moot.

In Otis Elevator's motion to dismiss, it argues that the original complaint should be dismissed for insufficient law and facts as it relates to Nagel's theories of vicarious liability, negligence, negligence per se, and punitive damages. [R. 12-1 at p. 3-10]. However, any deficiencies with these theories are no longer present for the reasons outlined in this Court's order granting Nagel's motion to amend. Therefore, the current arguments are moot and should be dismissed. Accordingly, after reviewing the record and being otherwise advised,

IT IS RECOMMENDED that the Otis Elevator's pending motion to dismiss [R. 12] be DENIED AS MOOT.

\*\*\* \*\*\* \*\*\* \*\*\*

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed with the Clerk of the Court within fourteen days of the date of service or further appeal is waived. FED. R. CIV. P. 72(b)(2); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of written and specific objections. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are not sufficient to preserve the right of appeal. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991). A party may respond to another party's objections within fourteen days of being served with a copy of those objections. FED. R. CIV. P. 72(b)(2).

Signed August 11, 2020.



Signed By:
*Edward B. Atkins*  EBA
United States Magistrate Judge